UNITED STATES of America,
Plaintiff—Appellee,

v.

Jessie Lee HOWARD, Defendant—
Appellant.

No. 04–50050.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Dec. 15, 2004.

William Crowfoot, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

David S. Mclane, Esq., Pasadena, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Jessie Howard appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Officers approached Howard during an increased patrol of his neighborhood following a gang-related shooting. The police arrested Howard after he threw a gun over the roof of his house, and after the police conducted a warrantless search of the backyard to recover the gun.

■■■ The facts were disputed at the hearing on the motion to suppress the gun. The police testimony was that Howard was on the public sidewalk when the officers approached, and he then ran toward the house, disposing of the gun. Howard and others testified that he was sitting on his driveway, minding his own business when the police approached. The district court found the police officer the more credible witness, and we must affirm unless that finding was clearly erroneous. *See United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004). It was not clearly erroneous, as it is supported by evidence that the district court credited. The police had probable cause to believe that Howard's possession of the gun was illegal or that the gun was evidence of a crime.

■■■ Howard also contends that there were no exigent circumstances justifying a warrantless search. The risks and uncertainties confronting the officers in this situation, however, justified conducting the search without waiting to obtain a warrant. *See, e.g., United States v. Gooch,* 6 F.3d 673, 679–80 (9th Cir.1993); *United States v. Al–Azzawy,* 784 F.2d 890, 895 (9th Cir. 1985).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

